UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE CHRISTOPHER UBERTI,

    Plaintiff,

v.

VALERIE BROWN, SUSAN GORIN, MICHAEL KERNS, DAVID RABBITT, TIMOTHY SMITH, SHIRLEE ZANE, PAUL KELLEY, MICHAEL MCGUIRE, JAMES GORE, MICHAEL REILLY, EFREN CARRILLO, LYNDA HOPKINS, RODNEY DOLE, DONNA DUNK, DAVID SUNDSTROM, ERICK ROESER, ROBERT BOITANO, PAMELA TORILATT, and JONATHAN KADLEC,

    Defendants.

No. C 19-04025 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this Sherman Act action by a pro se plaintiff, a county consolidation of government offices is not an action of "trade or commerce," so the claim must be dismissed.

**STATEMENT**

Pro se plaintiff raised two antitrust claims against agents of the County of Sonoma following their decision in 2006 to consolidate the County Offices of the Auditor-Controller with the Treasurer-Tax Collector into the Office of the Auditor-Controller with the Treasurer-Tax Collector ("ACTTC"). Defendants Valerie Brown, Susan Gorin, Michael Kerns, David Rabbitt, Timothy Smith, Shirlee Zane, Paul Kelley, Michael McGuire, James Gore, Michael Reilly, Efren Carrillo, Lynda Hopkins, Rodney Dole, Donna Dunk, David Sundstrom, Erick Roeser, Robert

1  Boitano, Pamela Torilatt, and Jonathan Kadlec ("defendants") are past and current members of the Board of Supervisors, and prior employees and heads of the ACTTC. The County's Board of Supervisors approved the consolidation by passing Ordinance No. 5604. The consolidation occurred pursuant to California Government Code Section 24304.2 which stated, "[n]otwithstanding Section 24300, in the Counties of Lake, Mendocino, Santa Cruz, Sonoma, Trinity, and Tulare, the board of supervisors, by ordinance, may consolidate the duties of the offices of Auditor-Controller and Treasurer-Tax Collector into the elected office of Auditor-Controller-Treasurer-Tax Collector." Four of the named defendants headed the ACTTC, and two of the named defendants were former office employees, although plaintiff sues all defendants as "a single actor" (Opp. at 3).

The ACTTC oversees grant agreements to nonprofits in Sonoma County. The complaint alleges that following the consolidation, the ACTTC ceased being independent and thus somehow violated the Sherman Act. Defendants moved to dismiss, to which plaintiff replied and moved for summary judgment. Because plaintiff lacks standing and the governmental office consolidation is not an action of "trade or commerce," defendants' motion to dismiss is **GRANTED** and plaintiff's motion for summary judgment is **DENIED**.

**ANALYSIS**

As a threshold issue, plaintiff lacks standing to bring this case. Plaintiff sued agents of the County alleging improper auditing of government funds following the office consolidation (Sec. Amd. Compl. at 17). However, our court of appeals rejects municipal taxpayer standing. See *Catholic League for Religious & Civil Rights v. City & Cty. of S.F.*, 624 F.3d 1043, 1082 (9th Cir. 2009); see also *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 349 (2006). Furthermore, plaintiff asserted that the consolidation led to improper auditing practices which caused him harm. The Second Amended Complaint alleges that a number of charitable and housing nonprofits in the County failed to submit financial statements this year. Plaintiff asserts that, as a former homeless person and current renter (instead of home-owner), in the County, the improper auditing may affect his social and economic wellbeing. To confer standing from an "injury in fact," pleadings must be "concrete and particularized." *Spokeo, Inc. v. Robins*,

136 U.S. 1540, 1545 (2016). Here, such injury is merely speculative. Standing cannot be conferred.

Moreover, plaintiff's Sherman Act claims are without legal merit. The Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. Our court of appeals recognized in *Sheppard v. Lee* that normal governmental operations are not subject to antitrust claims. 929 F.2d 496 (9th Cir. 1991). In *Sheppard*, the plaintiff brought a number of Sherman Act claims against a county after the board of supervisors passed a regulation which prevented him from running for office. The district court dismissed the action for failure to raise a valid claim under the Sherman Act, and our court of appeals affirmed. "Neither the business of conducting the government nor the holding of a political office constitutes 'trade or commerce' within the meaning of the Sherman Act…[t]he operation of the government is neither a commercial activity nor a competitive one." *Ibid*. at 498 –99. Like in *Sheppard*, defendants here exercised normal governmental operations in consolidating the government offices pursuant to California code. Therefore, the consolidation falls outside the ambit of the Sherman Act.

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is **GRANTED** and plaintiff's motion for summary judgment is **DENIED**. Being futile, leave to amend is **DENIED**. This case is ready for the appellate process and plaintiff should take care to take all steps needed to perfect his appeal.

**IT IS SO ORDERED.**

Dated: February 20, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3