UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE UBERTI, | |
| Plaintiff, | Case No. C 19-04025 WHA |
| v. | |
| VALERIE BROWN et. al, | **ORDER DENYING PLAINTIFF'S MOTION TO STAY** |
| Defendants. | |

In this Sherman Act action against a County, pro se plaintiff moves to stay this Court's February 21 order granting defendants' motion to dismiss and denying plaintiff's motion for summary judgment.

Plaintiff George Uberti alleged Sherman Act violations by Sonoma County government officials and employees Valerie Brown, Susan Gorin, Michael Kerns, David Rabbitt, Timothy Smith, Shirlee Zane, Paul Kelley, Michael McGuire, James Gore, Michael Reilly, Efren Carrillo, Lynda Hopkins, Rodney Dole, Donna Dunk, David Sundstrom, Erick Roeser, Robert Boitano, and Jonathan Kadlec ("defendants") following the County's consolidation of the Auditor-Controller and the Treasurer-Tax Collector into a single operational office (Dkt. No. 42). The consolidation was blessed by state legislation permitting such governmental action. Following briefing and a hearing, a February 21 order granted defendants' motion to dismiss and denied plaintiff's motion for summary judgment (Dkt. No. 68). Plaintiff appealed the judgment to our

court of appeals (Dkt. No. 72). He now moves to stay the judgment under Federal Rules of Appellate Procedure 8(a) (Dkt. No. 73). Assuming that this Court has jurisdiction to rule on this motion, we decline to issue a stay.

Under Federal Rule of Appellate Procedure 8, a party moving to stay judgment must show (1) that he or she is likely to succeed on the merits; (2) that he or she will be irreparably injured absent a stay; (3) that the stay will not injure other parties to appeal; and (4) that the public interest in the stay favors the moving party. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In his motion, plaintiff failed to plead any of these elements. Moreover, upon reviewing the procedural history and facts pled in prior filings, plaintiff seems unable meet the standards warranting a stay of judgment.

*First*, judgment has already been entered on the motion to dismiss and motion for summary judgment, meaning plaintiff is unlikely to succeed on the merits.

*Second*, plaintiff cannot show financial injury, as the judgment did not grant any affirmative relief to defendants.

*Third*, as no affirmative relief was granted, the stay would not affect any of the parties.

*Fourth*, no evident public interest remains, because plaintiff did not show actual harm to himself or others caused by the consolidation of the offices of the Auditor-Controller and the Treasurer-Tax Collector.

For the aforementioned reasons, plaintiff's motion for a stay of this Court's February 21 order granting defendants' motion to dismiss and denying his motion for summary judgment is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: April 2, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE